

**U.S. Department of Justice**

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 13, 2023

Paul W. Shaw, Esq.
One Federal Street, 20th Floor
Boston, MA 02110
pshaw@verrill-law.com

    Re:    <u>United States v. Greater Boston Behavioral Health LLC</u>

Dear Mr. Shaw:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Greater Boston Behavioral Health LLC ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant will waive Indictment and plead guilty to count 1 of the criminal Information attached to this Plea Agreement as Exhibit A charging it with Receipt of Misbranded Drugs in Interstate Commerce, in violation of 21 U.S.C. §§ 331(c), 333(a)(1). Defendant admits that Defendant committed the crime charged in the Information and is in fact guilty of the offense. Defendant agrees to the accuracy of the statement of facts attached to this Plea Agreement as Exhibit B.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

    a) A fine of $250,000 or twice the gross gain or loss resulting from the offense, whichever is greater. *See* 18 U.S.C § 3571(c), (d). The gross gain resulting from the offense is $1,929,464. Therefore, the maximum fine is $3,858,928;

    b) A term of probation of not more than 5 years. *See* 18 U.S.C. § 3561(c)(2);

    c) A mandatory special assessment of $125. *See* 18 US.C. § 3013;

1

    d) Restitution to victims of the offense, if any; and

    e) Forfeiture to the extent charged in the Information.

3. <u>Rule 11(c)(1)(C) Plea</u>

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

Defendant may seek sentencing by the District Court immediately following the Rule 11 plea hearing. The United States does not object to the Court proceeding to sentence Defendant immediately following the Rule 11 plea hearing or in the absence of a Presentence Report in this case. Defendant understands that the decision whether to proceed immediately with the sentencing proceeding following the plea hearing, and to do so without a Presentence Report, is exclusively that of the United States District Court.

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing regarding the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties also agree that, while the fine provisions of the Guidelines do not apply to organizational defendants for misdemeanor violations of the Federal Food, Drug, and Cosmetic Act, *see* USSG § 8C2.1, the following is consonant with the Guidelines and takes into account Defendant's conduct under 18 U.S.C. §§ 3553 and 3572 and USSG § 8C2.10:

    a) The base fine is $1,929,464, because this was the reasonably estimated pecuniary gain from the offense;

    b) Pursuant to USSC § 8C2.5, the culpability score is three, determined as follows:

        i. The base culpability score is five pursuant to USSG § 8C2.5(a);

        ii. Defendant's culpability score is increased by one, because the organization had 10 or more employees and an individual within substantial authority personnel participated in, condoned, or was willfully ignorant of the offense (USSG § 8C2.5(b)(5));

      iii. Defendant's culpability score is decreased by three because the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct (USSG § 8C2.5(g))

  c) Pursuant to USSG § 8C2.6, the multiplier range associated with a culpability score of three is 0.6 to 1.2.

  d) Thus, pursuant to USSG § 8C2.7, the Guidelines fine range is $1,157,678.40 to $2,315,356.80.

  e) Disgorgement pursuant to USSG § 8C2.9 is not necessary.

The United States may, at its sole option, be released from its commitments under this Plea Agreement, including, but not limited to, its agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

  a) Fails to complete a factual basis for the plea;

  b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

  c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

  d) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

  e) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

  f) Commits a crime; or

  g) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

The parties agree on the following sentence:

  a) A monetary penalty in the amount of $2,587,142, consisting of:

    i. A criminal fine in the amount of $657,678 to be paid according to the

3

following schedule:

1. $219,226 to be paid not later than three months after entry of judgment;
2. $219,226 to be paid not later than June 1, 2024; and
3. $219,226 to be paid not later than June 1, 2025; and

    ii. Forfeiture in the amount of $1,929,464, to be paid according to the following schedule:

1. $643,155 to be paid not later than three months after entry of judgment;
2. $643,155 to be paid not later than June 1, 2024; and
3. $643,154 to be paid not later than June 1, 2025.

b) A mandatory special assessment in the amount of $125, payable to the Clerk of the Court on or before the date of sentencing;

c) and probation for a term of three years.

In the event that Defendant does not comply with the above payment schedule, the full amount of the fine and forfeiture money judgment shall be due and payable immediately, and the United States may use all lawful remedies to collect the full amount of the fine and forfeiture money judgment that remain outstanding, including, but not limited to, seizing and/or forfeiting substitute assets and garnishing funds, as allowed by law, without further notice to Defendant.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.  <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $1,929,464, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $1,929,464 is subject to forfeiture on the grounds that it is equal to the amount of proceeds Defendant derived from the offense. Defendant agrees to pay the forfeiture money judgment as follows:

i. $643,155 to be paid not later than three months after entry of judgment;
ii. $643,155 to be paid not later than June 1, 2024; and
iii. $643,154 to be paid not later than June 1, 2025.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other

property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.      Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.      Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier

during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.   Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.   Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*   *   *

If this letter accurately reflects the agreement between the United States and your client, Greater Boston Behavioral Health LLC, please have the authorized representative of Greater Boston Behavioral Health LLC sign the attached Corporate Acknowledgment of Plea Agreement, and please sign the certification. Return the original of the Corporate Acknowledgment of Plea Agreement to Assistant United States Attorney Christopher Looney.

Sincerely,

RACHAEL S. ROLLINS
United States Attorney

By:   *[signature]*
Kelly Lawrence
Chief, Health Care Fraud Unit
Patrick Callahan
Deputy Chief, Health Care Fraud Unit

*[signature]*
Christopher Looney
Assistant U.S. Attorney

## CORPORATE ACKNOWLEDGMENT OF PLEA AGREEMENT

The Sole Member and the Shareholders of the Sole Member of Greater Boston Behavioral Health LLC have authorized me to execute this Plea Agreement on behalf of Greater Boston Behavioral Health LLC and to take all such actions as may be necessary to effectuate this Plea Agreement. The Shareholders have read this Plea Agreement and all attached exhibits—including the Criminal Information—in their entirety and has discussed them fully in consultation with their counsel. The Shareholders acknowledge that this Plea Agreement and attached exhibits fully set forth Greater Boston Behavioral Health LLC's agreement with the U.S. Attorney for the District of Massachusetts as it relates to the charges in the Criminal Information. The Shareholders additionally state that no additional promises or representations have been made to the Shareholders or to Greater Boston Behavioral Health LLC by the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to Greater Boston Behavioral Health LLC in connection with its guilty plea. Greater Boston Behavioral Health LLC has received no prior offers to resolve this case.

Greater Boston Behavioral Health LLC
Defendant
By: Elliot M. Weinstein
Authorized Representative

Date: 4/11/23

Paul Shaw
Attorney for Defendant

Date: 04/11/2023

8